

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-11-00892-CR

Amy Lee **YARA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR2906
Honorable Maria Teresa Herr, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Karen Angelini, Justice
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  June 12, 2013

AFFIRMED

Appellant Amy Lee Yara was convicted by a jury of one count of misappropriation of fiduciary property in the aggregate amount of more than $100,000 but less than $200,000 and one count of theft in the aggregate amount of more than $20,000 but less than $100,000.  The jury sentenced her to three years' confinement in the Institutional Division of the Texas Department of Criminal Justice (TDCJ-ID) for each count, but recommended that her sentence be suspended and she be placed on community supervision.  The trial court ordered that her sentences run concurrently, suspended her sentences, placed her on community supervision for

ten years, and ordered that she pay restitution in the amount of $261,426.75. The trial court appointed appellate counsel, and counsel timely filed a notice of appeal.

Appellant's court-appointed appellate attorney filed a brief containing a professional evaluation of the record in accordance with *Anders v. California*, 386 U.S. 738 (1967); counsel also filed a motion to withdraw. In Appellant's brief, counsel states that he has reviewed the entire record and found no reversible error. *See* TEX. R. APP. P. 44.2. The brief meets the *Anders* requirements. *See id.* at 744; *see also High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978); *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). As required, counsel provided Appellant with a copy of the brief and counsel's motion to withdraw, and informed Appellant of her right to review the record and file her own *pro se* brief. *See Nichols v. State*, 954 S.W.2d 83, 85–86 (Tex. App.—San Antonio 1997, no pet.); *see also Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.). Appellant filed a *pro se* brief, and appellate counsel subsequently filed a "reply" brief.[1]

After reviewing the record, counsel's brief, and Appellant's brief, we agree with counsel's *Ander*'s brief that the record contains no reversible error. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). Accordingly, we affirm the trial court's judgment, *see id.*, and grant appellate counsel's motion to withdraw, *see Nichols*, 954 S.W.2d at 85–86; *Bruns*, 924 S.W.2d at 177 n.1.

No substitute counsel will be appointed. Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, she must either retain an attorney to file a petition for discretionary review or she must file a *pro se* petition for discretionary review. Any

---

[1] In a "reply" brief, appellate counsel prayed for this court to "remand this matter to the trial court for an evidentiary hearing to establish any facts that may exist for the purpose of Appellant's claim of ineffective assistance of counsel." Appellant's claim of ineffective assistance of counsel may be addressed by an application for writ of habeas corpus. *See Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999); *Jackson v. State*, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998).

petition for discretionary review must be filed within thirty days from (1) the date of this opinion or (2) the date the last timely motion for rehearing or en banc reconsideration is overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See id.* R. 68.3(a). Any petition for discretionary review must comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* R. 68.4.

Patricia O. Alvarez, Justice

DO NOT PUBLISH